E-FILING    ADR

Daniel L. Casas, Esq. (SBN 116528)
Martin H.Q. Nguyen, Esq. (SBN 234127)
CASAS RILEY & SIMONIAN, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200
(650) 948-7220 FAX

Attorneys for Plaintiff
DAVID NANCE

Filed
MAR 14 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| DAVID M. NANCE, <br><br> Plaintiff, <br><br> v. <br><br> GEORGE SHENG, and PEACE ELECTRONICS, INC., and DOES 1-20, <br><br> Defendants. | Case No. C08 01450 MEJ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff David Nance ("Nance") demands a jury trial on all issues and alleges as follows:

## I.   JURISDICTION AND VENUE

1.   This is an action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. 271 and 281. This Court has subject matter jurisdiction over the matters complained of under 28 U.S.C. 1338(a) and 1331.

2.   On information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. 1400(b) and 1391(c), as defendants George Sheng ("Sheng") and Peace Electronics. Inc.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

COMPLAINT FOR PATENT INFRINGEMENT
DEMAND FOR JURY TRIAL
1

("Peace") reside, have a regular place of business, and have committed acts of patent infringement in this judicial district.

## II.   INTRADISTRICT ASSIGNMENT

3.    Pursuant to Civil Local Rule 3-2(e), assignment to the San Jose Division of the U.S. District Court for the Northern District of California is appropriate in that Nance's principal place of business is in, and a substantial part of the events and damages giving rise to this action occurred in the County of Santa Clara.

## III.   THE PARTIES

4.    Nance is a United States citizen and individual inventor residing in the County of Santa Clara, State of California.

5.    On information and belief, Sheng is an individual currently residing in the Northern District of California. On information and belief, Sheng is an entrepreneur and an officer, director, or manager of Defendant Peace Electronics, Inc.

6.    On information and belief, Peace is a corporation organized, existing, and currently suspended under the laws of the State of California. Peace is an importer and wholesaler of consumer electronics, golf products, household items, and other goods. On information and belief, Peace has a principal place of business in Brentwood, California.

## IV.   FACTUAL BACKGROUND

7.    Plaintiff Nance is an individual with a penchant for contemporary hairstyle and fashion. Nance additionally has interests in sporting activities, including golf. Nance combines his interests in sports and fashion to design products that complement contemporary trends.

8.    Nance's product line includes, among others, an integrated hairpiece and visor.

9.    On May 27, 2006 and May 28, 2006, the City of Morgan Hill promoted and hosted an annual festival known as the Mushroom Mardi Gras to celebrate the area's agricultural penchant and provide a venue for area vendors to display food, arts and crafts, and other

sas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

COMPLAINT FOR PATENT INFRINGEMENT
DEMAND FOR JURY TRIAL
2

1  goods for sale. Nance operated a vendor booth at the Mushroom Mardi Gras Fair for display
2  of his integrated hairpiece and visor. The visor attracted a great deal of attention and foot
3  traffic from passers-by and festival attendees.

4  10.  On each day of the festival, Defendant Sheng operated a vendor booth for the sale of
5  golf products adjacent to Nance's booth. Due in part to the overwhelming market success of
6  Nance's visor at the festival, Sheng quickly realized that Nance's visor was a highly attractive
7  product. Sheng solicited Nance's participation in a commercial affiliation for the sale of
8  Nance's visor. In particular, Sheng invited Nance to share a booth at an upcoming exposition
9  for vendors of golf products to coordinate selling of their individual products. Nance
10 immediately and unequivocally declined. As a courtesy, Nance gave Sheng a visor without
11 any exchange of consideration.

12 11.  On information and belief, Sheng engaged the corporate resources of Peace for the
13 manufacture, sale, and distribution of visors identical to the visor provided by Nance to Sheng
14 at the festival.

15 12.  On information and belief, Sheng and Peace have made, used, offered to sell and sold,
16 and continues to make, use, offer to sell and sell, a visor which Sheng refers to by various
17 product names, including Hairy Visor or Hairy Club Visor.

18 13.  When Nance discovered that Sheng and Peace were manufacturing Nance's visor,
19 Nance gave multiple written demands that Sheng cease and desist sales of Nance's visor.
20 Sheng ignored or disregarded all such demands. At no time did Sheng request or solicit a
21 license related to Nance's visor.

22 14.  On information and belief, Sheng and Peace are taking the calculated risk of
23 incorporating what they know to be Nance's patented visor into a visor marketed by Sheng in
24 order to stimulate sales at Peace and respond to the intense market and financial community
25 pressure to remain competitive and demonstrate continued growth.

26
27 ///
28

sas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

## FIRST CAUSE OF ACTION
### (Infringement of the '747 Patent)
### (35 U.S.C. § 271)

15. Nance incorporates the allegations of paragraphs 1-14 above.

16. On December 18, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. D55747 ("the '747 Patent"), entitled VISOR, to David M. Nance. Nance is the owner of all right, title and interest in the '747 Patent. A copy of the '747 Patent is attached to the Complaint as **Exhibit A**.

17. On information and belief, Sheng and Peace have been, and currently are, directly and indirectly infringing the '747 Patent by making, using, marketing, selling, reselling, offering for sale, and/or inducing others to use, headwear including, without limitation, Hairy Visor and Hairy Club Visor.

18. On information and belief, Sheng and Peace have had actual and constructive knowledge of the '747 Patent and the application thereto since at least January 30, 2007, and Sheng's and Peace's infringement of the '747 Patent have been willful, and will continue unless enjoined by this court. Pursuant to 35 U.S.C. § 283, Nance is entitled to a permanent injunction against further infringement.

19. As a direct and proximate consequence of the infringement of the '747 Patent by Sheng and Peace, Nance has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Nance is entitled to relief. Pursuant to 35 U.S.C. § 284, Nance is entitled to damages for infringement and treble damages.

///

///

///

///

sas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

COMPLAINT FOR PATENT INFRINGEMENT
DEMAND FOR JURY TRIAL
4

## V. PRAYER FOR RELIEF

WHEREFORE, Nance prays for judgment against defendants Sheng and Peace as follows:

1. For a judicial determination and declaration that the '747 patent is valid and enforceable;

2. For a judicial determination and declaration that the '747 patent is infringed by Hairy Visor and Hairy Club Visor and such other products by Sheng and Peace as may infringe;

3. For a judicial determination and declaration that Sheng's and Peace's infringement of the '747 patent is willful;

4. For an order preliminarily and permanently enjoining Sheng and Peace, its officers, directors, shareholders, agents, servants, employees and attorneys, and all entities and individuals acting in concert with them or on their behalf, from infringing the '747 patent;

5. For damages according to proof, said damages to be trebled pursuant to 35 U.S.C. § 284 because of Sheng's and Peace's willful infringement;

6. For Nance's attorneys' fees and litigation costs pursuant to 35 U.S.C. § 285;

7. For an award of pre-judgment and post-judgment interest and costs to Plaintiff in accordance with 35 U.S.C. § 284; and

8. For such other and further relief as the Court may deem just and proper.

Dated: March 14, 2008

CASAS RILEY & SIMONIAN, LLP

By: _____
Martin H.Q. Nguyen
Attorneys for Plaintiff
DAVID M. NANCE

sas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

COMPLAINT FOR PATENT INFRINGEMENT
DEMAND FOR JURY TRIAL
5

VI. **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

Dated: March 14, 2008

                                                  CASAS RILEY & SIMONIAN, LLP

By: _____
     Martin H.Q. Nguyen
     Attorneys for Plaintiff
     DAVID M. NANCE



US00D557478S

## (12) United States Design Patent
### Nance

(10) Patent No.: **US D557,478 S**
(45) Date of Patent: ✶✶ **Dec. 18, 2007**

(54) **VISOR**

(76) Inventor: **David M. Nance**, 42 Central Ave. #2, Los Gatos, CA (US) 95030

(✶✶) Term: **14 Years**

(21) Appl. No.: **29/282,545**

(22) Filed: **Jul. 23, 2007**

**Related U.S. Application Data**

(63) Continuation of application No. 29/276,388, filed on Jan. 24, 2007, now abandoned.

(51) **LOC (8) Cl.** .................................................. **02-03**
(52) **U.S. Cl.** ..................................................... **D2/876**
(58) **Field of Classification Search** ................. D2/865, D2/866, 871, 872, 873, 875, 876, 879, 882, D2/884, 893; 2/65, 171, 171.1, 175.1, 183, 2/184, 195.1, 195.2, 195.3, 195.4, 200.1, 2/209.11, 209.12, 209.13, 209.3, 209.5, 209.7; 362/106

See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D237,758 S | 11/1975 | Huffman |
| D302,484 S | 8/1989 | Egan |
| D357,569 S | 4/1995 | Jacobellis |
| 5,493,735 A | 2/1996 | Rice |
| D413,191 S | 8/1999 | Thomas |
| 6,016,572 A | 1/2000 | Park et al. |
| D442,746 S | 5/2001 | Belcher |
| D444,618 S | 7/2001 | Wilson |
| D458,734 S | 6/2002 | Clair |
| D467,707 S | 12/2002 | Rothschild |
| 6,658,664 B1 | 12/2003 | Verhoeven |
| D500,580 S | 1/2005 | Rothschild |
| D501,957 S | 2/2005 | Jagger et al. |
| D539,010 S | 3/2007 | Folkes |
| 2002/0095715 A1 | 7/2002 | Hong |
| 2003/0221234 A1 | 12/2003 | Wang |
| 2003/0233696 A1 | 12/2003 | Lee |
| 2004/0006807 A1 | 1/2004 | Wang |

FOREIGN PATENT DOCUMENTS

EM   00021605-0009   8/2003

OTHER PUBLICATIONS

Flair Hair Visor—Blond Hair as shown on www.flair-hair.com, viewed Jul. 2, 2007 (1 page).

*Primary Examiner*—Elizabeth A. Albert
*Assistant Examiner*—Karen E Eldridge Powers
(74) *Attorney, Agent, or Firm*—James F. Hann; Haynes Beffel & Wolfeld LLP

(57) **CLAIM**

The ornamental design for a visor, as shown and described.

**DESCRIPTION**

The Visor is used to cover a person's head and shade the person's eyes.

FIG. **1** is a front, right perspective view of a visor showing my new design;

FIG. **2** is a top plan view thereof;

FIG. **3** is a front elevation will view thereof;

FIG. **4** is a right-sided elevational view thereof, the left side elevational view being a mirror image; and,

FIG. **5** is a back elevational view thereof.

The broken line showing of a person wearing the visor is for illustrative purposes only and forms no part of the claimed design.

The design consists partly of simulated hair. Inconsistencies between the way the simulated hair appears in the different views are understood to be caused by the variations in the organic material of the simulated hair, and to the different viewpoints from which the visor is shown. The minor variations from one view to another do not render the designs patentably distinct, but are due to the organic nature of the simulated hair.

The crosshatched pattern, although shown intermittently, is meant to represent fabric, and is understood to be distributed uniformly over the surfaces of the claimed design.

**1 Claim, 3 Drawing Sheets**

  

EXH A

U.S. Patent    Dec. 18, 2007    Sheet 1 of 3    US D557,478 S



FIG. 1

U.S. Patent    Dec. 18, 2007    Sheet 2 of 3    US D557,478 S



FIG. 2



FIG. 3

U.S. Patent        Dec. 18, 2007        Sheet 3 of 3        US D557,478 S



FIG. 4



FIG. 5

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
DAVID M. NANCE

## DEFENDANTS
GEORGE SHENG, PEACE ELECTRONICS, INC.

(b) County of Residence of First Listed Plaintiff: Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Alameda
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

E-FILING

(c) Attorney's (Firm Name, Address, and Telephone Number)

Daniel L. Casas, Esq.
Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022

Attorneys (If Known)

C08 01450 ADR MEJ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury— Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury — Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | [x] 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | 871 IRS—Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | IMMIGRATION | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities – Other | 550 Civil Rights | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | 555 Prison Condition | 463 Habeas Corpus – Alien Detainee | | |
| | | | 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. 271, 35 U.S.C. 281
Brief description of cause:
patent infringement

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ According to Proof
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [x] SAN JOSE

DATE: March 14, 2008
SIGNATURE OF ATTORNEY OF RECORD

```
Court Name: U.S. District Court, NDCA
Division: 5
Receipt Number: 54611002785
Cashier ID: waltonb
Transaction Date: 03/14/2008
Payer Name: Reynolds Casas and Riley LLP
------------------------------------
CIVIL FILING FEE
 For: David M. Nance
 Case/Party: D-CAN-5-08-CV-001450-001
 Amount:       $350.00
------------------------------------
CHECK
 Check/Money Order Num: 3928
 Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

Case Assigned to MEJ


Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.
```