EDWARD C. KWOK (SBN 144302)
INCHAN A. KWON (SBN 247614)
MacPHERSON KWOK CHEN & HEID LLP
2033 Gateway Place, Suite 400
San Jose, California 95110
Phone: (408) 392-9250
Facsimile: (408) 392-9262
Email: ekwok@macpherson-kwok.com
       ikwon@macpherson-kwok.com

Attorneys for Defendants
GEORGE SHENG and PEACE ELECTRONICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID M. NANCE,<br><br>          Plaintiff,<br><br>vs.<br><br>GEORGE SHENG, and PEACE ELECTRONICS, INC., and DOES 1-20,<br><br>          Defendants. | Case No. 3:08-cv-01450-SI<br><br>**DEFENDANTS' ANSWER AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

      Defendants George Sheng ("Sheng") and Peace Electronics, Inc. ("Peace") (collectively, "Defendants") hereby answer the Complaint of Plaintiff David M. Nance ("Nance") as follows:

## ANSWER

      1.    Answering paragraph 1 of the Complaint, the paragraph consists of a characterization of Nance's action as to which no answer is required; to the extent an answer is required, Defendants admit that Nance purports to allege claims under Title 35 of the United States Code, and admits that the U.S. District Court for the Northern District of California has subject matter jurisdiction over the this action under 28 U.S.C. §§ 1338(a) and 1331.

      2.    Answering paragraph 2 of the Complaint, Defendants admit that Defendants reside in this judicial district, and have a regular place of business in this district, and that

1 venue is therefore proper in the U.S. District Court for the Northern District of California under 28 U.S.C. §§ 1400(b) and 1391(c). Except as so admitted, the allegations of this paragraph are denied.

3. Answering paragraph 3 of the Complaint, Defendants do not contest assignment of this action to the San Francisco Division of the U.S. District Court for the Northern District of California. Except as so admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis deny them.

4. Answering paragraph 4 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation contained therein.

5. Answering paragraph 5 of the Complaint, Sheng admits to being an individual currently residing in the Northern District of California, and that he is an entrepreneur and the sole owner and business principal of Peace. Except as so admitted, the allegations of this paragraph are denied.

6. Answering paragraph 6 of the Complaint, Peace admits to being a corporation organized, existing, and currently suspended under the laws of the State of California, to being an importer and wholesaler of consumer electronics, golf products, household items, and other goods, and to having a principal place of business in Brentwood, California. Except as so admitted, the allegations of this paragraph are denied.

7. Answering paragraph 7 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation contained therein.

8. Answering paragraph 8 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation contained therein.

9. Answering paragraph 9 of the Complaint, Defendants admit that on May 27, 2006 and May 28, 2006, the City of Morgan Hill promoted and hosted an annual festival

1  known as the Mushroom Mardi Gras where area vendors displayed various goods for sale, and
2  that Nance operated a vendor booth at the Mushroom Mardi Gras.  Except as so admitted,
3  Defendants are without knowledge or information sufficient to form a belief as to the truth of
4  the remaining allegations of this paragraph, and on that basis deny them.

5      10.    Answering paragraph 10 of the Complaint, Sheng admits to having operated a
6  vendor booth at the Mushroom Mardi Gras adjacent to Nance's vendor booth.  Sheng admits
7  having proposed to Nance sharing a booth at an upcoming exposition, but denies making any
8  reference to Nance's visor.  Sheng admits having received a visor from Nance, but denies that
9  there was no exchange of consideration.  Except as specifically admitted, the allegations of this
10 paragraph are denied.

11     11.    Answering paragraph 11 of the Complaint, Defendants admit that Sheng
12 engaged the corporate resources of Peace for the sale and distribution of visors.  Except as so
13 admitted, the allegations of this paragraph are denied.

14     12.    Answering paragraph 12 of the Complaint, Defendants admit to having offered
15 for sale and selling a visor called "3-in-1 Visor" or "Fun Hat," but deny having made, used,
16 offered for sale, sold, or continuing to make, use, offer for sale or sell any product called
17 "Hairy Visor" or "Hairy Club Visor."  Except as specifically admitted, the allegations of this
18 paragraph are denied.

19     13.    Answering paragraph 13 of the Complaint, Defendants specifically deny
20 manufacturing Nance's visor at any time.  Sheng admits to having received emails from
21 Nance's attorney informing Sheng that Nance had applied for a patent on his visor and
22 claiming that Sheng's visor would infringe Nance's pending patent.  Sheng admits to neither
23 requesting nor soliciting any license related to Nance's visor.  Except as so admitted, the
24 allegations of this paragraph are denied.

25     14.    Answering paragraph 14 of the Complaint, Defendants deny each and every
26 allegation contained therein.

27
28

### ANSWER TO FIRST CAUSE OF ACTION
### (Alleging Infringement of U.S. Patent No. D55747)

15. Answering paragraph 15 of the Complaint, Defendants admit and deny the allegations in paragraph 15 of the Complaint to the same extent and upon the same bases that it has admitted and denied the allegations in the preceding paragraphs 1 to 14, and incorporates herein, as though set forth here in full, its responses to paragraphs 1-14 above.

16. Answering paragraph 16 of the Complaint, Defendants deny each and every allegation contained therein.

17. Answering paragraph 17 of the Complaint, Defendants deny each and every allegation contained therein.

18. Answering paragraph 18 of the Complaint, Defendants deny each and every allegation contained therein.

19. Answering paragraph 19 of the Complaint, Defendants deny each and every allegation contained therein.

### ALLEGATIONS COMMON TO DEFENDANTS'
### AFFIRMATIVE DEFENSES AND COUNTERCLAIM

20. On information and belief, Nance filed the patent application for U.S. Design Patent No. D557,478 (the "'478 Patent") on July 23, 2007, which issued on December 18, 2007.

21. Nance has charged Defendants with infringing U.S. Patent No. D55747 (the "'747 Patent") in a Complaint filed with this Court on March 14, 2008.

22. On information and belief, Nance intends to assert the '478 Patent against Defendants.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

23. Defendants incorporate the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

24. As a first affirmative defense to the Complaint, Defendants state that the Complaint fails to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

25. Defendants incorporate the allegations set forth in paragraphs 1-24 above as if fully set forth herein.

26. As a second affirmative defense to the Complaint, Defendants do not infringe and have not infringed, contributed to the infringement of, or induced others to infringe any claim of U.S. Patent No. D55747.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Prove Damages)

27. Defendants incorporate the allegations set forth in paragraphs 1-26 above as if fully set forth herein.

28. As a third affirmative defense to the Complaint, Nance is barred in whole or in part, because he has not suffered any detriment, injury, or damage.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

29. Defendants incorporate the allegations set forth in paragraphs 1-28 above as if fully set forth herein.

30. As a fourth affirmative defense to the Complaint, if Nance has suffered any injury or damage, then Nance failed to mitigate the injury or damage.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

31. Defendants incorporate the allegations set forth in paragraphs 1-30 above as if fully set forth herein.

32. As a fifth affirmative defense to the Complaint, any past damages in this action are barred for failure to mark pursuant to 35 U.S.C. § 287.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT
### (As to Nance's '478 Patent)

33. Defendants incorporate the allegations set forth in paragraphs 1-32 above as if fully set forth herein.

34. There is an actual, substantial, and continuing justiciable controversy between Nance and Defendants regarding the infringement, validity, and enforceability of the '478 Patent, as a result of Nance's filing of this action against Defendants alleging infringement of the '747 Patent, and attaching as Exhibit A the '478 Patent.

35. Defendants contend that they do not infringe and have not infringed any valid claim of the '478 Patent as properly construed, whether directly or through inducement of infringement or contributory infringement.

36. Defendants contend that the claims of the '478 Patent are invalid or not enforceable for failure to comply with one or more of the requirements of Title 35 of the U.S. Code including, but not limited to, §§ 101, 102, 103, 112, and 287.

37. Defendants have no adequate remedy at law.

## **PRAYER FOR RELIEF**

38. WHEREFORE, Defendants request the following relief:

    a. A judgment that Nance recover nothing by his Complaint;

    b. A judgment that Nance's Complaint be dismissed with prejudice and that each request for relief therein be denied;

    c. A declaratory judgment:

        1) that Sheng has not infringed and is not infringing U.S. Patent No. D557,478;

        2) that Peace has not infringed and is not infringing U.S. Patent No. D557,478;

        3) that U.S. Patent No. D557,478 is invalid and/or unenforceable;

    d. An order, pursuant to 35 U.S.C. § 285, finding that this is an "exceptional" case and awarding Defendants their reasonable attorney's fees, expenses, and costs incurred in this action; and

    e. An order awarding Defendants such other and further relief as this Court deems just and proper.

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |

2   39.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all issues triable as of right by a jury.

DATED: July 11, 2008            MacPHERSON KWOK CHEN & HEID LLP


By _____/s/ Inchan A. Kwon_____
   Edward C. Kwok
   Inchan A. Kwon
   Attorneys for Defendants
   GEORGE SHENG and PEACE ELECTRONICS, INC.

7