IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID M. NANCE,

    Plaintiff/counter-defendant,

v.

GEORGE SHENG and PEACE ELECTRONICS, INC.,

    Defendants/counter-claimants.

                                             /

No. C 08-02308 SI

**ORDER AND INJUNCTION ENFORCING SETTLEMENT**

On January 15, 2009, the parties to this action participated in a settlement conference presided over by Magistrate Judge Bernard Zimmerman. Plaintiff/counter-defendant David N. Nance attended, with his counsel Martin Hung Quoc Nguyen; defendant/counter-claimant George Sheng attended, personally and on behalf of defendant/counter-claimant Peace Electronics, Inc., with their counsel Inchan Kwon and Ed Kwok. At the conclusion of the conference, the parties agreed to a full and final resolution of all claims in the action by way of a settlement, the terms of which were placed on the record. A copy of the transcript of the settlement terms is attached to this order as Exhibit "A".

    The parties were specifically informed by Magistrate Judge Zimmerman that all essential terms of the settlement were to be placed on the record, so that in the event somebody does not consummate the settlement, the disappointed party can apply to the court for an order enforcing the settlement.

    Plaintiff Nance has now requested judicial enforcement of the settlement. The Court has conducted two case management conferences since that request, and has received letter briefs from both sides. Based on the foregoing, the Court finds and orders as follows:

1. Plaintiff and defendants, including their heirs, representatives, successors and assigns, have RELEASED all of their respective claims in this action, and those claims are DISMISSED with prejudice, according to the parties' agreement.

2. Plaintiff's U.S. Patent No. D557478 is adjudged valid and enforceable.

3. Defendants/counter-claimants are ENJOINED and ORDERED to dispose of the entire inventory of accused devices (fixed-hair visors) in defendants' possession, custody, or control as of January 15, 2009, by no later than six months from the date of this order, that is by November 26, 2009.

4. Defendants/counter-claimants are ENJOINED and ORDERED to immediately cease all operations or efforts which would increase the existing inventory of the accused device.

5. In the event defendants/counter-claimants' U.S. Patent Application No. 29/305,543 (three-in-one visor) is prosecuted to allowance and a registration is issued by the USPTO, defendants/counter-claimants may practice the design of said patent application. Defendants/counter-claimants are ENJOINED and ORDERED not to sue plaintiff or any entity in which plaintiff owns a controlling (greater than 50%) interest for infringement of any patent based on the design claimed in U.S. Patent Application No. 29/305,543.

6. In the event U.S. Patent Application No. 29/305,543 is not allowed and registered with the USPTO:

(a) defendants/counter-claimants are ENJOINED and ORDERED to cease all operations or efforts that would increase the existing inventory of the 3-in-1 Visor and/or any other integrated visor and hairpiece products incorporating the design disclosed in U.S. Patent Application No. 29/305,543; and

(b) within six months of the USPTO's rejection, defendants/counter-claimants are ENJOINED and ORDERED to dispose of all inventory of the 3-in-1 Visor in defendants' possession, custody, or control as of the date of the final rejection of U.S. Patent Application No. 29/305,543.

6. No later than six months from the date of this order, that is by November 26, 2009, defendants/counter-claimants are ORDERED to demonstrate compliance by providing to plaintiff a sworn statement quantifying defendants/counter-claimants' inventory of the accused device as of January 15, 2009, affirming that defendants/counter-claimants have disposed of that inventory, and

affirming that defendants/counter-claimants are no longer selling the accused device. If defendants do not obtain a patent on U.S. Patent Application No. 29/305,543, defendants are ORDERED to provide plaintiff a sworn statement that they are not engaged in any sales of the 3-in-1 Visor or any other integrated visor and hairpiece product. They must provide this statement no more than six months from the date of the USPTO's rejection of U.S. Patent Application No. 29/305,543.

**IT IS SO ENJOINED AND ORDERED.**

Dated: May 26, 2009

SUSAN ILLSTON
United States District Judge

3